IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

RONALD ATWOOD, )
 )
   Plaintiff, )
 )
vs. ) No. 15L 958
 )
RENT-A-CENTER EAST, INC., and )
JEFF LEE, )
 ) **Plaintiff Demands Trial by Jury**
   Defendants. )

**FILED**
**AUG 03 2015**
CLERK OF CIRCUIT COURT #6
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

**COMPLAINT**

**COUNT I – RETALIATORY DISCHARGE**

NOW COMES Plaintiff, Ronald Atwood (hereinafter referred to as "Atwood"), by and through his undersigned attorneys, Brunton Law Offices, P.C., and for Count I of his Complaint against Defendant, Rent-A-Center East, Inc., states:

1. Rent-A-Center East, Inc. is registered to do business in the State of Illinois and they were doing business in Madison County, State of Illinois.

2. At all times relevant herein, Atwood was an employee of Rent-A-Center East, Inc.

3. On or about January 20, 2013, Atwood was injured as a result of performing his job duties while employed with Rent-A-Center East, Inc.

4. As a result of his work injuries, Atwood's medical care provider prescribed light duty work.

5. Rent-A-Center East, Inc. did not allow Atwood to return to work with the light duty restriction, although it had jobs that could have been performed by Atwood.

EXHIBIT A

6. Atwood was released to return to work on September 26, 2013, and this release was provided to Rent-A-Center.

7. Atwood was able to perform all essential functions of his work after receiving his full duty release.

8. Rent-A-Center East, Inc. had the same or similar positions at Rent-A-Center East, Inc. at the time they received the return to work release.

9. After receiving the return to work doctor's note from Atwood, Rent-A-Center East, Inc. instructed Atwood to perform a work hardening program to return to work, even though Atwood had a release to return to work from his doctor.

10. Atwood performed the work hardening program that was requested by Rent-A-Center East, Inc.

11. Upon completion of the requested work hardening program, Atwood informed Rent-A-Center East, Inc.

12. Upon completion of the requested work hardening program, Atwood was informed that he had been terminated on September 28, 2013 (two days after he was released to full duty work).

13. Atwood requested to be returned to work after completion of the work hardening program.

14. Rent-A-Center East, Inc. refused to return Atwood to work (and terminated Atwood) after completion of the work hardening program when they had open and available positions for Atwood.

15. Atwood's discharge from his employment was casually related to being injured at work and requesting worker's compensation benefits.

16. Rent-A-Center East, Inc.'s refusal to return Atwood to work (and terminated Atwood) was casually related to being injured at work and requesting workers' compensation benefits.

17. At all relevant times, there existed a clear mandate of Illinois Public Policy prohibiting discharge from employment for requesting workers' compensation benefits.

18. As a result of the retaliation, Atwood should be awarded past lost wages and benefits and future loss of earnings and benefits.

19. As a result of the retaliation, Atwood should be awarded damages for severe emotional distress and past and future pain and suffering.

20. As a result of the retaliation, Atwood is entitled to an award of punitive damages based upon the Defendant's net worth.

WHEREFORE, Plaintiff, Ronald Atwood, prays that this Court enter Judgment in his favor and against Rent-A-Center East, Inc. in his Complaint in an amount that exceeds $50,000.00 plus costs of this action, and for any other relief as this Court may deem just and proper.

**Plaintiff Demands Trial by Jury.**

## COUNT II
## INTENTIONAL INTERFERENCE WITH ECONOMIC ADVANTAGE

NOW COMES Plaintiff, Ronald Atwood (hereinafter referred to as "Atwood"), by and through his undersigned attorneys, Brunton Law Offices, P.C., and for Count II of his Complaint against Defendant Jeff Lee, states:

1-16. For paragraphs one (1) through sixteen (16) of Count II, Atwood alleges and incorporates paragraphs one (1) through sixteen (16) of Count I as through fully alleged herein.

17. Jeff Lee was a supervisor for Rent-A-Center East, Inc. and the supervisor of Atwood.

18. Jeff Lee resides in the State of Illinois.

19. On or about September 28, 2013, Jeff Lee wrongfully discharged Atwood. Shortly after Atwood's completion of the requested work hardening program, Jeff Lee refused to return Atwood to work (discharging Atwood).

20. Atwood was able to perform his job duties in a satisfactory manner.

21. Jeff Lee intentionally and wrongfully interfered with Atwood's economic relationship that he had through his employment with Rent-A-Center East, Inc., by wrongfully terminating Atwood.

22. Jeff Lee acted maliciously with personal animosity against Atwood and Jeff Lee acted for his own personal interests contrary to those of the corporation, when he terminated Atwood's employment.

23. As a proximate result of Jeff Lee's intentional interference with his business relationship, Atwood lost wages and fringe benefits and will continue to lose wages and fringe benefits in the future.

24. As a proximate result of Jeff Lee's intentional interference with his business relationship, Atwood is entitled to other incidental and consequential damages sustained by him.

25. As a proximate result of Jeff Lee's intentional interference with his business relationship, Atwood sustained severe emotional distress.

26. Atwood is also entitled to punitive damages as a result of Jeff Lee's intentional interference with business relationship.

WHEREFORE, Plaintiff, Ronald Atwood, prays that this Court enter Judgment in his favor and against Jeff Lee in his Complaint in an amount that does exceed $50,000.00 plus costs of this action, and for any other relief as this Court may deem just and proper.

**Plaintiff Demands Trial by Jury.**

BRUNTON LAW OFFICES, P.C.

*/s/ Michael J. Brunton*

Michael J. Brunton, # 6206663
Mary M. Stewart, # 6200773
Brunton Law Offices, P.C.
819 Vandalia (HWY 159)
Collinsville, IL 62234
*Attorneys for Plaintiff*

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | |
|---|---|
| RONALD ATWOOD, | ) |
| Plaintiff, | ) |
| vs. | ) No. 15L958 |
| RENT-A-CENTER EAST, INC., and JEFF LEE, | ) |
| Defendants. | ) Plaintiff Demands Trial by Jury |

FILED
AUG 03 2015
CLERK OF CIRCUIT COURT #6
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

### AFFIDAVIT PURSUANT TO ILLINOIS SUPREME COURT RULE 222

Michael J. Brunton, after being duly sworn upon his oath, and under penalties of perjury, states, pursuant to Illinois Supreme Court Rule 222, that the total of money damages sought in the Complaint, filed by Plaintiff in the above-captioned case, does exceed $50,000.

BRUNTON LAW OFFICES, P.C.

_/s/ Michael J. Brunton_
Michael J. Brunton, #06206663
Mary M. Stewart, #6200773
819 Vandalia (HWY 159)
Collinsville, Illinois 62234
618-343-0750 / 618-343-0227 Facsimile
ATTORNEY FOR PLAINTIFF

SUBSCRIBED AND SWORN TO before me this 30th day of July, 2015.

_Melissa Caliendo_
NOTARY PUBLIC

OFFICIAL SEAL
MELISSA N CALIENDO
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/10/19

Page 1 of 1

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

| | |
|---|---|
| RONALD ATWOOD, | ) |
| Plaintiff, | ) |
| vs. | ) No. 15 L 958 |
| RENT-A-CENTER EAST, INC., and JEFF LEE, | ) |
| | ) **Plaintiff Demands Trial by Jury** |
| Defendants. | ) |

**ENTRY OF APPEARANCE**

FILED
AUG 03 2015
CLERK OF CIRCUIT COURT #6
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

Now comes Michael J. Brunton, Attorney at Law, and hereby enters his appearance on behalf of Plaintiff, Ronald Atwood, for the above-captioned case.

BRUNTON LAW OFFICES, P.C.

_Michael Brunton_
Michael J. Brunton, #06206663
Mary M. Stewart, #6200773
819 Vandalia (HWY 159)
Collinsville, Illinois 62234
618-343-0750 / 618-343-0227 Facsimile
ATTORNEY FOR PLAINTIFF

Page 1 of 1

A true copy of the original on file in my office
Attested to this 2nd day of Sept 20 15
MARK VON NIDA
Clerk of the Circuit Court, 3rd Judicial Circuit
Madison County, Illinois
By: Melodie Smith
Deputy Clerk