IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD ATWOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-1023-MJR-SCW |
| ) | |
| RENT-A-CENTER EAST, INC., and ) | |
| JEFF LEE, ) | |
| ) | |
| Defendants. ) | |

<u>MEMORANDUM AND ORDER</u>

**REAGAN, Chief District Judge:**

Ronald Atwood started working for Rent-a-Center East, Inc., in September 2002, under the supervision of Jeff Lee. Atwood was hired as a truck delivery driver and worked out of one of Rent-a-Center's warehouses, transporting goods throughout Illinois, Iowa, Missouri, Indiana, and Arkansas. In January 2013, Atwood injured his shoulder at work and his doctor ultimately placed him on light duty restrictions. Nine months later, Atwood was fully released to return to work, and Rent-a-Center asked him to complete a "work hardening program," evidently to get him back on track to return to duty. He purportedly completed the program but was later told by Rent-a-Center that he had been fired two days after his doctor had fully released him back to work. Atwood asked Rent-a-Center for permission to return, pointing out that he had finished their program, but Rent-a-Center held fast. On August 3, 2015, Atwood filed a state court complaint against Rent-a-Center and Jeff Lee, claiming that Rent-a-Center illegally fired him in retaliation for being injured on the job and for seeking worker's

1

compensation benefits, and that Lee improperly fired him and interfered with his economic advantage. Rent-a-Center and Lee removed the case to this Court on diversity grounds and then moved to dismiss the case and compel arbitration under the Federal Arbitration Act or, failing that, under the Illinois Uniform Arbitration Act. Rent-a-Center and Lee's motion for arbitration is now before the Court for review.

The motion to compel arbitration turns on an agreement that Atwood signed around eight years after he began employment with the company. The agreement said that Rent-a-Center was engaged in transactions involving interstate commerce, that the Federal Arbitration Act governed the agreement, and that the agreement evidenced a transaction involving commerce. It went on to state that Atwood and Rent-a-Center "mutually consent[ed] to the resolution by arbitration of all claims or controversies" that arise "out of [Atwood's] application for employment, assignment/employment, and/or the termination of [Atwood's] assignment/employment that [Rent-a-Center] may have against [Atwood] or that [Atwood] may have against" Rent-a-Center and its employees or agents. The agreement also said that the arbitrator—and not any federal, state, or local court or agency—had "exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability, or formation" of the arbitration agreement, including "any claim that all or part" of the agreement was void.

Rent-a-Center and Lee first seek to compel arbitration under the Federal Arbitration Act, so the Court will start there. The Federal Arbitration Act is broad, requiring arbitration of almost any dispute that falls within an arbitration agreement's scope unless a specific type of arbitration agreement is exempted from the Act. Atwood

doesn't suggest that his claims fall outside of the broad arbitration clause in the agreement, but he does claim an exemption from the Act's enforcement mechanisms, specifically the exemption applying to transportation workers. The first question, then, before getting to the merits, is whether the Court should decide the exemption point or leave it to the arbitrator, as this arbitration agreement says that substantive disputes as well as arguments going to the validity of the contract (commonly called "gateway" questions) are for the arbitrator. It's true that delegation clauses like the one in this agreement require the Court to defer to the arbitrator on many gateway matters, like unconscionability or consideration. *See Rent-a-Center, West, Inc. v. Jackson*, **561 U.S. 63, 70 (2010).** But statutory exemption questions are of an entirely different character—they go to the Court's ability to employ the federal statute, and not to the underlying arbitration agreement's validity. Just as a federal court lacks the power to stay a case pending arbitration under the Act when Section 1's commerce requirement isn't satisfied, *Bernhardt v. Polygraphic Co. of Am.*, **350 U.S. 198 (1956)**, so too does a court lack the power to compel arbitration under the Act when an agreement is exempt from it under Section 1, *In re Van Dusen*, **654 F.3d 838, 844 (9th Cir. 2011)**.

So the Court must decide whether Atwood's arbitration agreement is exempted from the federal act. The Act, by its plain terms, doesn't exempt the contracts of "transportation workers," but instead exempts "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." **9 U.S.C. § 1.** That last part sounds quite broad, but it hasn't been interpreted that way by the United States Supreme Court or the federal courts of

appeals.  Owing to the fact that the Act is to be interpreted broadly in favor of arbitration, along with the fact that the list of exempt contracts has a strong transportation-related trend, the Supreme Court has ruled that the "interstate commerce" language only exempts the contracts of workers "actually engaged in the movement of goods in interstate commerce."  *Circuit City Stores, Inc. v. Adams*, **532 U.S. 105, 112 (2001).**  And owing to the Supreme Court's cabining of the "interstate commerce" phrase, a few circuits seem to have circumscribed the transport exemption even more, finding that only those workers employed by third-party transport industries can have their contracts exempted, as opposed to workers who move goods for a non-transport business.  *E.g., Hill v. Rent-a-Center, Inc.*, **398 F.3d 1286, 1290 (11th Cir. 2005);** *Lenz v. Yellow Transp., Inc.*, **431 F.3d 348, 351 (8th Cir. 2005).**

Restricting the "interstate commerce" exemption to workers involved in the third-party transportation industry makes some sense.  One of the reasons that the Supreme Court advanced for cabining the "interstate commerce" phrase, beyond the transportation bend of the entire exemption clause, was that other regulatory schemes had been created prior to the Act's passage for railroad workers, seamen, and some national transport industries, so Congress understandably wanted to remove those types of workers from the general Act's ambit in favor of more specialized laws.  *Adams*, **532 U.S. at 121.**  That logic applies with the same force to companies dedicated entirely to transportation, like semi companies or third-party air freight companies, because Congress has implemented statutes directed at those groups or could in the future.  It applies with less force to companies who merely transport their own goods,

4

like a furniture company or a concrete delivery company, as Congress is less likely to pass specialized statutes for those workers. It follows that Congress might want those types of workers covered by the more generalized federal act.

Rent-a-Center and Lee seize on this reasoning and insist that the "industry" requirement applies to district courts in the Seventh Circuit. There's one problem: the Seventh Circuit has rejected that kind of limitation on the transport exemption. In ***International Brotherhood of Teamsters Local Union No. 50 v. Kienstra Precast, LLC*, 702 F.3d 954, 957 (7th Cir. 2012),** the Seventh Circuit held that the transportation exemption applied regardless of whether a company transported its own goods or transported the goods of a third party—the only thing that mattered was whether the company's worker transported goods across "state lines" for his employer. The defendants shrug off *Kienstra Precast* on the grounds that it didn't deal with the "transportation industry" exemption at all, but that's wrong. Any "industry exemption" analysis would turn on whether a company delivered its own goods or a third party's goods, and the Seventh Circuit specifically held that the distinction "does not matter" under the Federal Arbitration Act. *Id.* This Court is duty bound to follow the Seventh Circuit's rulings until they are overruled, ***Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004)**, so that is the end for the "industry" rule in this Court, at least for now. And because no one disputes that Atwood was a transport worker, he is exempt, and the Court can't compel arbitration under the federal act.[1]

---

[1] Rent-a-Center and Lee also suggest that arbitration should be ordered under the Federal Arbitration Act even if the exemption applies, as Atwood "contractually

There being no right to compel arbitration under the Federal Arbitration Act, Atwood declares victory and says that his case should proceed in federal court. That's too hasty. Atwood did agree to arbitrate this dispute, and the fact that the Federal Arbitration Act doesn't apply only means that its enforcement mechanisms aren't available, not that the whole dispute can't be arbitrated by enforcing the contract through another vehicle (like state law). *E.g., Sherwood v. Marquette Transp. Co., LLC*, **587 F.3d 841, 843 (7th Cir. 2009);** *Palcko v. Airborne Express, Inc.*, **372 F.3d 588, 596 (3d Cir. 2004).** That's true even when the contract says that the Federal Arbitration Act applies and mentions no other law—if the federal act doesn't apply, the agreement to arbitrate remains viable, and the only question becomes what state's law applies to the contract to arbitrate. *E.g., Diaz v. Michigan Logistics, Inc.*, **— F. Supp. 3d —, 2016 WL 866330, at *4 (E.D.N.Y. Mar. 2, 2016);** *Valdez v. Swift Transp. Co.*, **292 F. Supp. 2d 524, 527 (S.D.N.Y. 2003).** This is a diversity case and the parties don't quibble over what state law applies, meaning that the state law where the federal court sits (here Illinois) controls by default. *E.g., Auto-Owners Ins. Co. v. Websolv Comp., Inc.*, **580 F.3d 543, 547 (7th Cir. 2009);** *Emp. Mut. Cas. Co. v. Skoutaris*, **453 F.3d 915, 923 (7th Cir. 2006).**

In Illinois, contractual arbitration provisions are construed under the Illinois Uniform Arbitration Act, which largely tracks the language of the Federal Arbitration Act. The Court says "largely" because there is one critical difference between the

---

agreed" to arbitration under the Act. It's true that Atwood and Rent-a-Center agreed that the Act applied, but that only reinforces the fact that arbitration can't be ordered under it. The two adopted the Act in its entirety, meaning that its exemption for transport workers must come into the calculus, and that exemption applies here.

Illinois act and the federal act, namely that the Illinois Uniform Arbitration Act does not contain any exemption for transport workers. Otherwise, the Illinois act is just as broad as the federal analogue: it states that a "written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable, and irrevocable save upon such grounds as exist for the revocation of any contract." **710 ILL. COMP. STAT. 5/1.** When a party moves to compel arbitration, the main issue is whether a valid agreement exists to arbitrate the dispute—if it does and the language of the agreement clearly covers the dispute desired to be arbitrated, "the court should compel arbitration." *Travis v. Am. Mfrs. Mut. Ins. Co.*, **782 N.E.2d 322, 326 (Ill. Ct. App. 2002).**

Atwood doesn't raise any specific objections to arbitration under Illinois law, despite being given that opportunity in a sur-reply.[2] The only possible objection raised in his briefing that would apply to the Illinois Uniform Arbitration Act issue is that the arbitration agreement is invalid because it was unconscionable and lacking consideration. Although it's far from clear, it looks as if Illinois law leaves those types of validity questions to the court in the first instance regardless of whether the contract

---

[2] The defendants' alternative request for arbitration under Illinois law didn't come until their reply brief, and courts should normally refrain from ruling on issues raised so late in the day. *Schmidt v. Eagle Waste & Recycling Inc.*, **599 F.3d 626, 631 n.2 (7th Cir. 2010).** But there's an exception to that rule when the non-movant asks for permission to file a sur-reply so that he can respond to the new points raised in reply—if he does and a court allows him to file additional briefing, the reply brief matters are fair game. *E.g., Beaird v. Seagate Tech., Inc.*, **145 F.3d 1159, 1164 (10th Cir. 1998);** *Cia. Petrolera Caribe, Inc., v. Arco Carribean, Inc.*, **754 F.2d 404, 410 (1st Cir. 1985);** *Moorehead v. Deutsche Bank AG*, **No. 11 C 106, 2011 WL 4496221, at \*5 (N.D. Ill. Sept. 26, 2011).**

delegates gateway questions to the arbitrator.  *Cf. Fuqua v. SVOX AG*, **13 N.E.3d 68, 80 (Ill. Ct. App. 2014) (assessing unconscionability despite broad arbitration clause).**

Both of Atwood's validity arguments are bunk.  He first claims that the contract is void for lack of consideration, but the contract is a bilateral agreement to arbitrate that forces both signors into arbitration on their claims against each other, and that counts as consideration.  *General Motors Acceptance Corp. v. Johnson*, **822 N.E.2d 30, 37 (Ill. Ct. App. 2004).**  Atwood also says that the agreement is unconscionable because some of the costs of arbitration might be borne by him and the costs aren't spelled out in the agreement.  He relies primarily on *Kinkel v. Cingular Wireless, LLC*, **85 N.E.2d 250 (Ill. 2006)**, an Illinois Supreme Court case where the Court found a class action arbitration waiver unconscionable, but that case is easily distinguished from this one.  In that case, the Court found a measure of procedural unconscionability because the costs weren't laid out in the contract but were instead incorporated by reference.  That point alone, however, wasn't "sufficient to render the class action waiver unenforceable."  *Id.* **at 267.**  The Illinois Supreme Court stressed that unconscionability was a case-by-case determination, and what really pushed the *Kinkel* agreement over the edge was the fact that the cost to arbitrate Kinkel's individual claim was almost the same as the potential recovery—Kinkel was attacking a $150 early termination cell plan fee, and if she were to proceed by way of individual arbitration, she would have to pay $125 plus attorney's fees to recover that paltry $150.  *Id.* **at 268.**  Atwood seeks far more than $150 in damages, and the agreement here only requires him to pay at most $200 in arbitration filing fees, with the possibility of an attorney's fee award.  That kind of

8

agreement isn't unconscionable, a point suggested by *Kinkel* and recognized by Illinois courts ever since *Kinkel* came down.  *See, e.g., Kinkel*, **85 N.E.2d at 273 (citing a case where there was "no evidence that the costs of arbitration would be prohibitive to the plaintiff, who sought more than $75,000 in damages");** *Willis v. Captain D's, LLC*, **Case No. 5-14-0234, 2015 WL 179049, at \*8 (Ill. Ct. App. Jan. 14, 2015) (no unconscionability where plaintiff was seeking over $50,000 in damages and could recover fees, as the "costs [of arbitration] would likely not approach" the potential recovery);** *Brown v. Aimco Cent. Park Townhomes, LLC*, **Case No. 1-12-1140, 2013 WL 1283814, at \*7-8 (Ill. Ct. App. Mar. 28, 2013) (no unconscionability despite the fact that arbitration provision did not "set forth what the cost is in bringing arbitration").**

There being no other reason advanced by Atwood against arbitration under Illinois law, the Court will compel the parties to arbitrate Atwood's instant claims under the Illinois Uniform Arbitration Act.  One closing item remains—whether this case should be dismissed in the entirety while the parties complete arbitration or whether it should be stayed pending the conclusion of arbitration.  The Illinois act strongly encourages a stay, stating that any "action or proceeding involving an issue subject to arbitration shall be stayed if an order for arbitration" has been entered.  **710 ILL. COMP. STAT. § 5/2.**  Once more, the Seventh Circuit has placed a thumb on the scale in favor of stays under the federal act, *Continental Cas. Co. v. Am. Nat. Ins. Co.*, **417 F.3d 727, 732 n.7 (7th Cir. 2005)**, and Illinois courts often look to federal law in interpreting the Illinois arbitration statute, *Federal Signal Corp. v. SLC Techs., Inc.*, **743**

**N.E.2d 1066, 1074 (Ill. Ct. App. 2001).** The Court is of the view that a stay is the wiser course here, so this case will be stayed pending resolution of arbitration.

To sum up, Rent-a-Center and Lee's motion to compel arbitration (Doc. 5) is **GRANTED IN PART** and **DENIED IN PART**. To the extent the two seek to compel arbitration under the Federal Arbitration Act, the motion is **DENIED**, but to the extent the two seek to compel arbitration under Section 2 of the Illinois Uniform Arbitration Act, the motion is **GRANTED**. The parties are **DIRECTED** to arbitrate this dispute in a manner consistent with the contract and the Illinois act. This case is **STAYED** during the pendency of arbitration. All pending hearings, including the scheduled pretrial conference and trial, are **CANCELLED**. The parties are **DIRECTED** to submit a joint report by **November 10, 2016**, to update the Court on the status of this case. If the parties resolve this case at any time, they may file a joint stipulation of dismissal.

**IT IS SO ORDERED.**

**DATED: May 13, 2016**

/s/ **Michael J. Reagan**
**Chief Judge Michael J. Reagan**
**United States District Court**